## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLIE KAMNIK | : | CIVIL ACTION |
| 1059 CLEMENS AVENUE | : | |
| ABINGTON, PA 19001 | : | |
| **and** | : | **JURY TRIAL DEMANDED** |
| ANDREW KAMNIK | : | |
| 1059 CLEMENS AVENUE | : | NO. 2:26-cv-01510 |
| ABINGTON, PA 19001 | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| 501 N. 3RD STREET | : | |
| HARRISBURG, PA 17120 | : | |
| **and** | : | |
| PENNSYLVANIA STATE POLICE | : | |
| 1800 ELMERTON AVENUE | : | |
| HARRISBURG, PA 17110 | : | |
| **and** | : | |
| COLONEL CHRISTOPHER PARIS | : | |
| COMMISSIONER OF THE PENNSYLVANIA | : | |
| STATE POLICE | : | |
| 1800 ELMERTON AVENUE | : | |
| HARRISBURG, PA 17110 | : | |
| **and** | : | |
| CAPTAIN JONATHAN S. SUNDERLIN | : | |
| COMMANDING OFFICER OF PENNSYLVANIA | : | |
| STATE POLICE TROOP K | : | |
| 2201 BELMONT AVENUE | : | |
| PHILADELPHIA, PA 19131 | : | |
| **and** | : | |
| CAPTAIN TIMOTHY J. MCDONALD | : | |
| COMMANDING OFFICER OF PENNSYLVANIA | : | |
| STATE POLICE TROOP K, SKIPPACK STATION | : | |
| 2071A CRESSMAN ROAD | : | |
| SCHWENKSVILLE, PA 19473 | : | |
| **and** | : | |
| TROOPER STEPHEN KAMNIK | : | |
| 2071A CRESSMAN ROAD | : | |
| SCHWENKSVILLE, PA 19473 | : | |
| **and** | : | |

PENNSYLVANIA STATE POLICE CORPORAL,
SERGEANT, LIEUTENANT, CAPTAIN, MAJOR,    :
AND/OR LIEUTENANT MAJOR    :
JOHN/JANE DOE 1-10    :
2071A CRESSMAN ROAD    :
SCHWENKSVILLE, PA 19473    :
    **and**    :
PENNSYLVANIA STATE POLICE    :
TROOPER/EMPLOYEE JOHN/JANE DOE 1-10    :
2071A CRESSMAN ROAD    :
SCHWENKSVILLE, PA 19473    :
        **Defendants**    :

## COMPLAINT

### I.    INTRODUCTION

1. Plaintiffs bring this action for damages pursuant to 15 U.S.C. § 6851, 42 U.S.C. §§ 1983 and 1988, the Pennsylvania constitution, and Pennsylvania common law against Defendants as a result of Defendant Kamnik creating and distributing "deepfake" pornography of Plaintiff Carlie Kamnik, using State Police instrumentalities and/or resources while on duty as a Pennsylvania State Trooper to do so, and the other Defendants' failure to appropriately supervise or discipline Defendant Kamnik, or establish or enforce appropriate policies or training, as well as a claim for loss of consortium.

### II.    JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims brought under § 6851 and § 1983 under 28 U.S.C. §§ 1331 and 1343.

3. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

4.  Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania.

III.  **PARTIES**

5.  Plaintiff, Carlie Kamnik, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

6.  Plaintiff, Andrew Kamnik, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

7.  Plaintiff Carlie Kamnik and Plaintiff Andrew Kamnik are legally married and were married at all times relevant to this complaint.

8.  Defendant, Commonwealth of Pennsylvania, is a sovereign government organized and existing pursuant to the Pennsylvania Constitution, with a seat of government as captioned.

9.  Defendant, Pennsylvania State Police (hereinafter "PSP"), is an agency of the Commonwealth of Pennsylvania, with headquarters as captioned.

10.  Defendant, Colonel Christopher Paris is the Commissioner of Defendant PSP and is the highest-ranking official in the agency with ultimate decision-making authority, with a business address as captioned. He is being sued in his individual capacity.

11.  Pennsylvania State Police Troop K (hereinafter "Troop K") is a subdivision of the Commonwealth agency Defendant PSP.

12.  Defendant, Captain Jonathan S. Sunderlin, is believed to be an adult citizen and resident of the Commonwealth of Pennsylvania, with a business address as captioned, who was at all material times a supervisory employee of Defendant PSP,

assigned to operate, manage, and supervise Troop K, which included Defendants McDonald; Kamnik; Corporal, Sergeant, Lieutenant, Caption, Major, and/or Lieutenant Major John/Jane Doe 1-10 (hereinafter "Supervisors Doe 1-10"); and Trooper/Employee John/Jane Doe 1-10 (hereinafter "Trooper/Employee Doe 1-10"). He is being sued in his individual capacity.

13. Skippack Station is a subdivision of the Commonwealth agency Defendant PSP and of Troop K.

14. Defendant, Captain Timothy J. McDonald, is believed to be an adult citizen and resident of the Commonwealth of Pennsylvania, with a business address as captioned, who was at all material times a supervisory employee of Defendant PSP, assigned to operate, manage, and supervise Skippack Station, which included Defendants Kamnik, Supervisors Doe 1-10, and Trooper/Employees Doe 1-10. He is being sued in his individual capacity.

15. Defendant, Stephen Kamnik, is an adult citizen and resident of the Commonwealth of Pennsylvania, with a business address as captioned, who was at all relevant and material times employed by Defendant PSP as a state trooper, assigned to Media and/or Skippack Station, who was acting within and outside of the course and scope of his employment, during the times he was on duty, using equipment and property provided to him by Defendants Commonwealth of Pennsylvania, PSP, Troop K, and Skippack Station, and pursuant to the policies, practices, and customs of Defendants Commonwealth of Pennsylvania, PSP, Troop K, and Skippack Station. He is being sued in his individual capacity.

16. Defendants, Supervisors Doe 1-10, are believed to be adult citizens and residents of

4

the Commonwealth of Pennsylvania, with a business address as captioned, who were supervisory employees of Defendant PSP, assigned to operate, supervise, maintain, and manage Troop K and/or Skippack Station, pursuant to the policies, practices, and customs of Defendants Commonwealth of Pennsylvania and PSP, including the Commonwealth instrumentalities and/or resources used by Defendant Kamnik and Defendants Kamnik, McDonald, and Trooper/Employee Doe 1-10. They are designated by fictitious name because Plaintiffs have been unable to ascertain their identities despite the exercise of reasonable diligence. They are being sued in their individual capacities.

17.   Defendants, Trooper/Employee Doe 1-10, are believed to be adult citizens and residents of the Commonwealth of Pennsylvania, with a business address as captioned, who were coworkers of Defendant Kamnik, some of whom were responsible for supervising, maintaining, and managing Commonwealth instrumentalities and/or resources used by Defendant Kamnik, pursuant to the policies, practices, and customs of Defendants Commonwealth of Pennsylvania and PSP. They are designated by fictitious name because Plaintiffs have been unable to ascertain their identities despite the exercise of reasonable diligence. They are being sued in their individual capacities.

18.   At all relevant times, Defendants Commonwealth of Pennsylvania, PSP, and/or Colonel Paris acted or failed to act through their employees, agents, officers, workmen, servants, and/or contractors, then and there acting within the course and scope of their employment, agency, office, work order, servanthood, and/or contract, and under color of state law, including the individually named defendants.

5

IV.    **OPERATIVE FACTS**

19.    On or about Tuesday, March 11, 2025, Plaintiff, Carlie Kamnik, was informed by Sgt. Stefano Gallina that she was a victim of deepfake pornography made of her by Defendant Kamnik. This was the first time Plaintiffs became aware of said deepfake images.

20.    Defendant Kamnik, while on duty as a Pennsylvania state trooper stationed at Defendant Skippack Station, used instrumentalities and/or resources of Defendant PSP to alter non-pornographic images of Plaintiff Carlie Kamnik into simulated pornography of her, the images containing identifiable features of Plaintiff Carlie Kamnik.

21.    Upon information and belief, Defendants Commonwealth of Pennsylvania, PSP, Colonel Paris, Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 were aware of prior incidents of Defendant Kamnik abusing his position as a Pennsylvania state trooper for his own personal sexual gratification, which occurred over a period of approximately five (5) years prior to Plaintiff Carlie Kamnik learning of the deepfake pornography of her.

22.    Said prior incidents included, but were not limited to:

   a.    Going into the women's locker room of his assigned station of Defendant PSP to surreptitiously take photographs;

   b.    Going into the women's locker room of his assigned station of Defendant PSP to take undergarments from the possessions of female troopers;

   c.    Keeping a mannequin at his assigned station of Defendant PSP upon which he placed the stolen undergarments to take photographs;

    d. Attempting to take pictures and video of suspects, victims, and witnesses being interviewed as part of investigations undertaken on behalf of Defendant PSP, including photographs of the chests and crotches of female interviewees; and

    e. Conducting stops of female citizens, in his capacity as a law enforcement officer, and making degrading requests of them, such as repeatedly sticking out their tongues, while surreptitiously filming them.

23. Upon information and belief, Defendant Kamnik was not adequately disciplined following these prior incidents.

24. Upon information and belief, for years Defendant Kamnik was allowed to use instrumentalities and/or resources of Defendants Commonwealth of Pennsylvania and PSP, including computer resources, while he was on duty, to access generative artificial intelligence tools to alter real photographs into fabricated pornographic images (deepfake pornography) of numerous real, identifiable women and female children, including Plaintiff Carlie Kamnik.

25. Upon information and belief, Defendant Kamnik abused access to law enforcement databases to gather photographs of women to use to make deepfake pornography.

26. Upon information and belief, Defendant Kamnik transmitted and/or made available to others said deepfake images of Plaintiff Carlie Kamnik, via the internet.

27. Due to these incidents and others, Defendant Kamnik has been arrested and charged with approximately 600 criminal offenses in the Court of Common Pleas of Montgomery County under docket number CP-46-CR-00003910-2025, the vast majority of which are felonies.

28. Defendant PSP has no publicly published policies, regulations, or directives

regarding use of generative artificial intelligence tools using PSP instrumentalities and/or resources.

29.   Law enforcement use of generative artificial intelligence is a matter of great public concern, especially when used on Commonwealth instrumentalities and/or resources with access to evidence intended to be used in investigating and prosecuting crimes.

30.   Upon information and belief, the Defendant PSP has a long history of condoning, acquiescing to, and failing to discipline instances of sexual misconduct on duty by troopers.

31.   By way of example, between 1995 and 2001, 68 reports of sexual misconduct were substantiated, leading to the firing of 14 troopers. Said reports included soliciting sex from informants and watching pornography while on duty.

32.   By way of further example, between 2001 and 2017, Defendant Commonwealth of Pennsylvania paid approximately $8 million in settlements for lawsuits related to sexual harassment and sexual misconduct by troopers.

33.   As a direct and proximate result of the above, Plaintiff Carlie Kamnik has sustained severe emotional distress, anguish, humiliation, reputational harm, disruptions in familial relationships, and relapse of substance abuse disorder.

34.   As a further direct and proximate result of the above, Plaintiff Carlie Kamnik has been obliged to and may continue to be obliged to expend various sums of money and to incur various expenditures for medical treatment and may be obliged to do so for an indefinite period of time in the future, to her great detriment and loss.

35.   As a further direct and proximate result of the above, Plaintiff Carlie Kamnik has

and may hereinafter incur other financial expenses and losses.

36.   As a further direct and proximate result of the above, Plaintiff Carlie Kamnik was obliged to use leave time, and/or paid time off, at her place of employment and suffered disruptions to her work.

37.   As a further direct and proximate result of the above, Plaintiff Andrew Kamnik has sustained emotional distress, anguish, disruptions in familial relationships, and loss of consortium.

**COUNT I – 15 U.S.C. § 6851**
**VIOLENCE AGAINST WOMEN ACT—DISCLOSURE OF INTIMATE IMAGES**
**CARLIE KAMNIK V. STEPHEN KAMNIK**

38.   All preceding paragraphs are fully incorporated herein by reference.

39.   Defendant Kamnik transferred, published, distributed, and/or made accessible to others, via the internet, visual depictions of Plaintiff Carlie Kamnik containing simulated nudity and/or explicit sexual acts.

40.   Said visual depictions of Plaintiff Carlie Kamnik included identifiable features of Plaintiff Carlie Kamnik, including her face.

41.   Said visual depictions, and the transfer, publication, distribution, and/or making accessible to others thereof, were not commercial pornographic content, concerning a matter of public concern or interest, made in good faith, or used to reasonably assist Plaintiff Carlie Kamnik.

42.   The internet is a facility of interstate and foreign commerce.

43.   Per statute, liquidated damages amount to $150,000.00.

**WHEREFORE**, pursuant to 15 U.S.C. § 6851(b), Plaintiff Carlie Kamnik demands liquidated and/or compensatory damages, whichever is greater, against Defendant Kamnik, in an

amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FOURTEENTH AMENDMENT—DUE PROCESS
### CARLIE KAMNIK V. STEPHEN KAMNIK

44.   All preceding paragraphs are fully incorporated herein by reference.

45.   Pursuant to the Liberty component of the Due Process Clause of the Fourteenth Amendment Plaintiff Carlie Kamnik has a constitutionally protected right and/or interest in not having nude and/or pornographic images of her likeness disseminated on the internet.

46.   In violation of Plaintiff Carlie Kamnik's Due Process rights, Defendant Kamnik created highly personal and intimate images in Plaintiff Carlie Kamnik's likeness depicting her naked and engaged in sexual acts and disseminated these images on the internet.

47.   The creation and dissemination of these images was extremely degrading, resulting in egregious humiliation and the injuries alleged above.

48.   The acts and/or failures to act of Defendant Kamnik were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendant Kamnik in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendant, and deter Defendant and others similarly situated to Defendant, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – PA. CONST. ART. I § 1**
**INDEFEASIBLE RIGHT TO PROPERTY**
**CARLIE KAMNIK V. ALL DEFENDANTS**

49. All preceding paragraphs are fully incorporated herein by reference.

50. Article I, section 1, of the Pennsylvania constitution is self-executing.

51. Plaintiff Carlie Kamnik has a property interest in her likeness.

52. Defendant Kamnik, while on duty as a state trooper, using instrumentalities and/or resources of Defendants Commonwealth of Pennsylvania, PSP, and Colonel Paris, located primarily in Troop K and Skippack Station, appropriated Plaintiff Carlie Kamnik's likeness for the purposes of his personal sexual gratification and/or the gratification of others.

53. Plaintiff Carlie Kamnik was not aware of and did not consent to Defendant Kamnik's creation and distribution of deepfake pornography containing her likeness.

54. Constitutional rights impose non-delegable duties upon the government.

55. Defendant Kamnik, while on duty and using Commonwealth instrumentalities and/or resources, located primarily Troop K and Skippack Station, was an agent of Defendants Commonwealth of Pennsylvania, PSP, and Colonel Paris.

56. Therefore, Defendants Commonwealth of Pennsylvania, PSP, and/or Colonel Paris are liable for Defendant Kamnik's violations of Plaintiff Carlie Kamnik's rights under the Pennsylvania constitution, pursuant to principles of agency, vicarious liability, and/or respondeat superior.

57. Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 were responsible for supervising Defendant Kamnik

and the Commonwealth instrumentalities and/or resourced he used while he was on duty as a state trooper, as well as promulgating policies for Troop K and Skippack Station.

58. Upon information and belief, Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 knew or should have known of Defendant Kamnik's abuse of his law enforcement position and Commonwealth instrumentalities and/or resources for purposes of his personal sexual gratification.

59. Upon information and belief, Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 failed to take reasonable disciplinary or corrective action with regards to Defendant Kamnik's abuses, or attempt to prevent or intervene in Defendant Kamnik's abuses, effectively condoning them, which is a proximate cause of Plaintiffs' damages.

60. Upon information and belief, Defendants Commonwealth of Pennsylvania, PSP, Colonel Paris, Sunderlin, McDonald, and/or Supervisors Doe 1-10 failed to promulgate and/or enforce reasonable policies or training concerning use of generative artificial intelligence with Commonwealth instrumentalities and/or resources, which is a proximate cause of Plaintiff Carlie Kamnik's damages.

61. The acts and/or failures to act of all Defendants were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Article I, Section 1 of the Pennsylvania Constitution, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendants

Commonwealth of Pennsylvania, PSP, Colonel Paris, Captain Sunderlin, Captain

McDonald, Kamnik, Supervisors Doe 1-10, and Trooper/Employee Doe 1-10, jointly and/or

severally, in an amount sufficient to fully and adequately compensate Plaintiff Carlie

Kamnik, punish Defendants, and deter Defendants and others similarly situated to

Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – PA. CONST. ART. I § 1
### INDEFEASIBLE RIGHT TO REPUTATION
### CARLIE KAMNIK V. ALL DEFENDANTS

62.    All preceding paragraphs are fully incorporated herein by reference.

63.    Article I, section 1, of the Pennsylvania constitution is self-executing.

64.    Upon information and belief, Defendant Kamnik's deepfake images of Plaintiff

Carlie Kamnik falsely imply sexual impropriety and/or promiscuity on Plaintiff

Carlie Kamnik's part, damaging her reputation.

65.    Constitutional rights impose non-delegable duties upon the government.

66.    Defendant Kamnik, while on duty and using Commonwealth instrumentalities

and/or resources, located primarily Troop K and Skippack Station, was an agent

of Defendants Commonwealth of Pennsylvania, PSP, and Colonel Paris.

67.    Therefore, Defendants Commonwealth of Pennsylvania, PSP, and/or Colonel

Paris are liable for Defendant Kamnik's violations of Plaintiff Carlie Kamnik's

rights under the Pennsylvania constitution, pursuant to principles of agency,

vicarious liability, and/or respondeat superior.

68.    Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or

Trooper/Employee Doe 1-10 were responsible for supervising Defendant Kamnik

and the Commonwealth instrumentalities and/or resources he used while he was

on duty as a state trooper, as well as promulgating policies for Troop K and Skippack Station.

69.    Upon information and belief, Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 knew or should have known of Defendant Kamnik's abuse of his law enforcement position and Commonwealth instrumentalities and/or resources for purposes of his personal sexual gratification.

70.    Upon information and belief, Defendants Sunderlin, McDonald, Supervisors Doe 1-10, and/or Trooper/Employee Doe 1-10 failed to take reasonable disciplinary or corrective action with regards to Defendant Kamnik's abuses, or attempt to prevent or intervene in Defendant Kamnik's abuses, effectively condoning them, which is a proximate cause of Plaintiffs' damages.

71.    Upon information and belief, Defendants Commonwealth of Pennsylvania, PSP, Colonel Paris, Sunderlin, McDonald, and/or Supervisors Doe 1-10 failed to promulgate and/or enforce reasonable policies or training concerning use of generative artificial intelligence with Commonwealth instrumentalities and/or resources, which is a proximate cause of Plaintiff Carlie Kamnik's damages.

72.    The acts and/or failures to act of all Defendants were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to Article I, Section 1 of the Pennsylvania Constitution, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendants Commonwealth of Pennsylvania, PSP, Colonel Paris, Captain Sunderlin, Captain

McDonald, Kamnik, Supervisors Doe 1-10, and Trooper/Employee Doe 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

COUNT V – 42 U.S.C. § 1983
SUPERVISORY LIABILITY
CARLIE KAMNIK V. COLONEL PARIS, CAPTAIN SUNDERLIN, CAPTAIN MCDONALD, AND SUPERVISORS DOE 1-10

73.  All preceding paragraphs are fully incorporated herein by reference.

74.  Defendants Sunderlin, McDonald, and/or Supervisors Doe 1-10 were responsible for supervising Defendant Kamnik and the Commonwealth instrumentalities and/or resources he used while he was on duty as a state trooper, as well as promulgating policies for Troop K and Skippack Station.

75.  Upon information and belief, Defendants Sunderlin, McDonald, and/or Supervisors Doe 1-10 knew of or remained deliberately indifferent to Defendant Kamnik's abuse of his law enforcement position and Commonwealth instrumentalities and/or resources for purposes of his personal sexual gratification.

76.  Upon information and belief, Defendants Sunderlin, McDonald, and/or Supervisors Doe 1-10 failed to take reasonable disciplinary or corrective action with regards to Defendant Kamnik's abuses, or attempt to prevent or intervene in Defendant Kamnik's abuses, effectively acquiescing to them, which is a proximate cause of the violation of Plaintiff Carlie Kamnik's due process rights.

77.  Upon information and belief, Defendants Colonel Paris, Sunderlin, McDonald, and/or Supervisors Doe 1-10 failed to promulgate and/or enforce reasonable

policies or training concerning use of generative artificial intelligence with Commonwealth instrumentalities and/or resources, which is a proximate cause of the violation of Plaintiff Carlie Kamnik's due process rights.

78.    The need for clear policies, training, and enforcement governing law enforcement's use of generative artificial intelligence on Commonwealth law enforcement instrumentalities and/or resources was obvious, well-known, foreseeable, and required action.

79.    The acts and/or failures to act of Defendants Colonel Paris, Sunderlin, McDonald, and/or Supervisors Doe 1-10 were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendants Colonel Paris, Sunderlin, McDonald, and Supervisors Doe 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VI – PENNSYLVANIA COMMON LAW INVASION OF PRIVACY—FALSE LIGHT CARLIE KAMNIK V. STEPHEN KAMNIK

80.    All preceding paragraphs are fully incorporated herein by reference.

81.    Defendant Kamnik gave publicity to deepfake pornography of Plaintiff Carlie Kamnik.

82.    Upon information and belief, the fabricated sexual images of Plaintiff Carlie

Kamnik place her in a false light that would be highly offensive to a reasonable person.

83.  Due to Defendant Kamnik being the individual who fabricated the images, he was aware of the false light in which they placed Plaintiff Carlie Kamnik.

84.  Defendant Kamnik acted with actual malice.

85.  The acts and/or failures to act of Defendant Kamnik were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendant Kamnik in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendant, and deter Defendant and others similarly situated to Defendant, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VII – PENNSYLVANIA COMMON LAW
### INVASION OF PRIVACY—APPROPRIATION OF LIKENESS
### CARLIE KAMNIK V. STEPHEN KAMNIK

86.  All preceding paragraphs are fully incorporated herein by reference.

87.  Defendant Kamnik appropriated Plaintiff Carlie Kamnik's likeness for his own use, to wit, his personal sexual gratification.

88.  Plaintiff Carlie Kamnik Carlie Kamnik was not aware of and did not consent to Defendant Kamnik's creation and distribution of deepfake pornography containing her likeness.

89.  Plaintiff Carlie Kamnik Carlie Kamnik has suffered and continues to suffer harm from Defendant Kamnik's appropriation of her likeness.

90.   The acts and/or failures to act of Defendant Kamnik were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff Carlie Kamnik demands compensatory and punitive damages against Defendant Kamnik in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendant, and deter Defendant and others similarly situated to Defendant, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT VIII – PENNSYLVANIA COMMON LAW AND 42 PA. C.S. §§ 8341-8345 DEFAMATION
### CARLIE KAMNIK V. STEPHEN KAMNIK

91.   All preceding paragraphs are fully incorporated herein by reference.

92.   Falsely implying sexual impropriety or promiscuity is defamatory *per se*.

93.   Defendant Kamnik transferred, published, distributed, and/or made accessible to others, via the internet, visual depictions of Plaintiff Carlie Kamnik containing simulated nudity and/or explicit sexual acts.

94.   Said visual depictions of Plaintiff Carlie Kamnik included identifiable features of Plaintiff Carlie Kamnik, including her face.

95.   Due to Defendant Kamnik being the individual who fabricated the images, he was aware that they depict falsehoods regarding Plaintiff Carlie Kamnik.

96.    The acts and/or failures to act of Defendant Kamnik were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff Carlie Kamnik's rights and well-being that the imposition of punitive damages is warranted

**WHEREFORE**, pursuant to Pennsylvania common law and 42 Pa. C.S. §§ 8341-8345, Plaintiff

18

Carlie Kamnik demands compensatory and punitive damages against Defendant Kamnik in an amount sufficient to fully and adequately compensate Plaintiff Carlie Kamnik, punish Defendant, and deter Defendant and others similarly situated to Defendant, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IX – PENNSYLVANIA COMMON LAW**
**LOSS OF CONSORTIUM**
**ANDREW KAMNIK V. ALL DEFENDANTS**

97. All preceding paragraphs are fully incorporated herein by reference.

98. Plaintiffs Carlie Kamnik and Andrew Kamnik are legally married and were legally married at all relevant and material times.

99. As a direct and proximate result of the actions of Defendants, described above, Plaintiff Andrew Kamnik has been and may in the future be deprived of the society, companionship, care, guidance, tutelage, services, support, assistance, comfort, and/or consortium of his wife, Plaintiff Carlie Kamnik, to his great detriment and loss.

100. As a further direct and proximate result of the above, Plaintiff Andrew Kamnik has been forced to undertake additional household responsibilities and to expend time and energy caring for Plaintiff Carlie Kamnik, to his great detriment and loss.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff Andrew Kamnik demands compensatory damages against Defendants Commonwealth of Pennsylvania, PSP, Colonel Paris, Captain Sunderlin, Captain McDonald, Kamnik, Supervisors Doe 1-10, and Trooper/Employee Doe 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff Andrew Kamnik, plus interest, costs, attorney's fees, and all

other appropriate relief.

**ABRAMSON & DENENBERG, P.C.**

*/s/ Alan E. Denenberg*
Alan E. Denenberg, Esq.
PA Identification No. 54161
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
P: (215) 546-1345 ext. 104
adenenberg@adlawfirm.com


*/s/ Jason E. Parris*
Jason E. Parris, Esq.
PA Identification No. 312363
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
P: (215) 546-1345 ext. 122
jparris@adlawfirm.com

**ASTOR WEISS KAPLAN & MANDEL, LLP**

*/s/ David L. Woloshin*
David L. Woloshin, Esq.
PA Identification No. 25010
130 N. 18th Street, Suite 1500
Philadelphia, PA 19103
P: (215) 790-0100
DWoloshin@astorweiss.com


*/s/ Dina S. Ronsayro*
Dina S. Ronsayro, Esq.
PA Identification No. 83852
130 N. 18th Street, Suite 1500
Philadelphia, PA 19103
P: (215) 790-0100
DRonsayro@astorweiss.com