## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLIE KAMNIK and ANDREW KAMNIK,** | **CIVIL ACTION** |
| **Plaintiffs,** | |
| **v.** | |
| **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE, COLONEL CHRISTOPHER PARIS, Commissioner of the Pennsylvania State Police, CAPTAIN JONATHAN S. SUNDERLIN, Commanding Officer of Pennsylvania State Police Troop K, CAPTAIN TIMOTHY J. McDONALD, Commanding Officer of Pennsylvania State Police Troop K, Skippack Station, TROOPER STEPHEN KAMNIK, PENNSYLVANIA STATE POLICE CORPORAL, SERGEANT, LIEUTENANT, CAPTAIN, MAJOR AND/OR LEUITENANT MAJOR JOHN/JANE DOE 1-10, and PENNSYLVANIA STATE POLICE TROOPER/EMPLOYEE JOHN/JANE DOE 1-10,** | **NO.  26-1510** |
| **Defendants.** | |

## O R D E R[1]

**AND NOW**, this 16th day of March, 2026, **IT IS ORDERED** as follows:

(1) Seven (7) days prior to *any* motion being filed (including a motion under Fed.R.Civ.P. 12 or 56, 28 U.S.C. § 1441, or 28 U.S.C. § 1404), counsel must notify opposing counsel to discuss the substance of the potential motion, and the possible resolution of same.  These discussions shall be substantive and not perfunctory.  To this end, counsel shall provide the opposing party with an opportunity to cure any alleged defects prior to filing a motion;[2]

---

[1] This directive shall not apply to cases in which either side is *pro se*, or to bankruptcy or Social Security appeals.

[2] *See* Fed.R.Civ.P. 83(b) ("A judge may regulate practice in any manner consistent with federal law,

(2) In the event the parties are unable to preliminarily negate the need for the filing of a motion after engaging in substantive discussions, the moving party shall so specify in a Certification attached and filed with the motion.  Said Certification shall indicate the date(s) of discussion(s) and shall inform the court of the parties' inability to reach a resolution;

(3) Failure to comply with this Order shall result in denial of the motion without further notice.[3]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."); *see also P&G v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848-849 (3d Cir. 2008) ("The Supreme Court has long recognized that district courts have broad discretion to manage their dockets[.]") (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)); *In re Shawley*, 238 F. App'x 765, 767 (3d Cir. 2007) ("District Courts are vested with discretion in managing their dockets.").

[3] Said denial shall be without prejudice upon initial non-compliance.